LEWIS WILSON
CITY ATTORNEY
OFFICE OF CITY ATTORNEY
4th FLOOR - CITY HALL
P. O. BOX 95120
CAMDEN, NEW JERSEY 08101-5120
(856) 757-7170
BY:   FELIX P. GONZALEZ, ESQUIRE
      ASSISTANT CITY ATTORNEY
Attorney for Defendants, City of Camden
Police Department, City of Camden,
Officer Tyrone McEady Badge 1049

| | |
|---|---|
| **PEDRO & LISETTE RODRIGUEZ, H/W** | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| **Plaintiffs** | |
| | CIVIL ACTION |
| **CITY OF CAMDEN, et al** | DOCKET NO. 1: 09-cv-05020-RBK-AMD |
| **Defendants** | **ANSWER AND DEFENSES** |

Defendants, City of Camden, City of Camden Police Department, City of Camden, Officer Tyrone McEady Badge 1049 by way of Answer to Plaintiffs' Complaint, say:

## 1. JURISDICTION

1. through 3.   These averments amount to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

   4. Admitted.

## 2. PARTIES

   5. and 6. Admitted.

   7. Admitted in Part. Denied in Part.  It is admitted that the Police Department is a department of the City of Camden and that Officer McEady is employed as a police officer.  By way of further answer since 2003 the Police Department has been under the

control and management of the Camden County Office of the Prosecutor. Furthermore the City of Camden has not been responsible for all of Officer McEady's training

8. Admitted in part. Denied in Part. It is admitted that Officer McEady was on duty and employed as a police officer at the time of the alleged incident and that he acted under the color of law. The part of the averment concerning that he acted in "concert and conspiracy" and/or "aiding and abetting" with other employees is denied. Plaintiffs are left to their proofs at time of trial.

9. This paragraph is addressed to unnamed defendants.

### III. FACTS

10. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 Plaintiffs are left to their proofs at the time of trial.

11. Admitted in Part. Denied in Part. It is only admitted only that plaintiffs attempted to set up their lunch truck in the vicinity of 7th Street and Van Hook Streets, Camden. N.J. It is denied that Officer McEady had prior knowledge plaintiff was acting in a "usual" manner.

12. Admitted. By way of further answer it is admitted that Officer McEady approached the plaintiff.

13. Denied. At all relevant times Officer McEady was wearing the uniform of a City of Camden Police Officer.

14. Denied. Plaintiff Pedro Rodriguez was aware that Officer McEady was police officer.

15. and 16. Admitted.

17. Denied. The word "argument" is used as a conclusion and not defined.

18. Denied. By way of further answer there was no need for Officer McEady to identify himself as a police officer since he was wearing the uniform of a City of Camden Police Officer.

19. and 20. Denied.

21. Denied. At all relevant times McEady was in uniform and wearing his badge.

22. Denied.

23. Admitted. It is admitted only that Officer McEady handcuffed plaintiff and plaintiff was placed into a police car.

24. Admitted.

25. and 26. Admitted.

27. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph 27. Plaintiffs are left to their proofs at the time of trial.

28. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28. Plaintiffs are left to their proofs at the time of trial.

29. Admitted.

30. Admitted.

31. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28. Plaintiffs are left to their proofs at the time of trial.

32. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28. Plaintiffs are left to their proofs at the time of trial.

33. and 34. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28. Plaintiffs are left to their proofs at the time of trial.

35. Admitted.

36. Admitted in Part. Denied in Part. Plaintiff's does not define and/or describe what he means by the statement that defendants were "acting individually" therefore these answering defendants deny knowledge and information sufficient to form a belief as to the truth of this allegation. The remainder of the paragraph is admitted.

37. Denied. By way of further answer this averment amount to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

38. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

39. Denied. These answering defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Plaintiffs are left to their proofs at the time of trial.

## IV. CAUSES OF ACTION

### COUNT I

40. All previous answers to each paragraph are incorporated by reference herein as if fully set forth at length.

41. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

42. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

### COUNT II

43. All previous answers to each paragraph are incorporated by reference herein as if fully set forth at length.

44. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

45. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

### COUNT III

48. All previous answers to each paragraph are incorporated by reference herein as if fully set forth at length.

49. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

50. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

51. Denied. By way of further answer this averment amounts to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

52. Admitted.

## COUNT IV

53. All previous answers to each paragraph are incorporated by reference herein as if fully set forth at length.

54. and 55. Denied. By way of further answer these averments amount to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

## COUNT VI

56. All previous answers to each paragraph are incorporated by reference herein as if fully set forth at length.

57. through 60. Denied. By way of further answer these averments amount to conclusions of law to which a responsive pleading is not required. Plaintiffs are left to their proofs at the time of trial.

WHEREFORE, defendants, City of Camden, Camden Police Department and Camden Police Officer Tyrone McEady demand judgment in their favor as follows:

A. Dismissing the Complaint with prejudice; and

B. For Attorney's fees, interest and cost of suit.

C. For such other relief as the court deems equitable and just

LEWIS WILSON<br>
City Attorney<br><br>
By: _____<br>
FELIX P. GONZALEZ<br>
Assistant City Attorney

Defendants, City of Camden, City of Camden Police Department and Police Officer Tyrone McEady state and plead the following defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted, and answering defendants' reserve the right to move to dismiss Plaintiffs' Complaint on those grounds.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from filling a lawsuit against the defendants for common law negligence and/or for pendent state claims for false arrest, false imprisonment and malicious prosecution, specifically pled in "COUNT III" and "COUNT IV" of the Complaint, since plaintiffs have failed to file a timely and adequate Notice of Claim pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8-1.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part, and the proceedings and/or any recovery resulting there from is barred, limited, and/or controlled by any/all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59: 1-1 et seq., and the plaintiffs' failure to comply with the said provisions, all of them hereby included as if listed herein separately and particularly each and every section identified and encompassed therein.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part due to the absolute and/or qualified immunity accorded to Officer McEady and other defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part, as Plaintiffs suffered no violation of his/their civil and/or constitutional rights.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times since September 15, 2003 the City of Camden Police Department has been under the supervision and/or control by the State of New Jersey and/or the Camden County Office of the Prosecutor.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part due to plaintiffs' failure to state the violation of their civil and/or constitutional rights with the requisite specificity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part, as the action(s) of the answering defendants complained of do not rise to the level of a constitutional violation.

NINTH AFFIRMATIVE DEFENSE

The answering defendant owed no duty to plaintiffs, but if any were owed, the answering defendant performed each and every duty to the plaintiff.

TENTH AFFIRMATIVE DEFENSE

The answering defendants were not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff, if any.  Even if the answering defendants were negligent, such negligence did not rise to the level of a constitutional violation.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part, as the answering defendants are immune by virtue of the good faith exercise of his official duty.

FIFTEENTH AFFIRMATIVE DEFENSE

The arrest by defendant(s) was a just one, and probable cause existed to initiate the arrest.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead any facts as to Lisette Rodriguez that establish that she has stated a claim for which relief can be granted.

FIRST SEPARATE DEFENSE

Defendants assert that plaintiff alleged injuries, damages or losses are the result of independent intervening persons and/or agencies or instrumentalities over which the defendant had no control and/or duty to control.

SECOND SEPARATE DEFENSE

The Defendant have breached no obligation or duty owed to the plaintiff.

### THIRD SEPARATE DEFENSE

The Defendants, their agents, servants and/or employees acted upon reasonable grounds and without malice and are therefore not answerable to the plaintiffs for damages or loses.

### FOURTH SEPARATE DEFENSE

Defendants, their agents, servants and/or employees acted under reasonable and probable cause under the then-existing circumstances.

### FIFTH SEPARATE DEFENSE

The Defendants have performed each and every duty owed to the plaintiffs. If the defendants are found to have breached any obligation or duties owed to the plaintiffs, which breach is specifically denied, such breach was not the proximate cause of any injuries or loses which the plaintiffs may have sustained.

### SIXTH SEPARATE DEFENSE

The plaintiffs' contributory negligence was the sole and/or proximate cause of any alleged injuries suffered by the plaintiffs.

### SEVENTH SEPARATE DEFENSE

Defendant(s) acted reasonably and in good faith based upon the information available to him at the time of the incident.

### NINTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of unclean hands.

TENTH SEPARATE DEFENSE

The incident described in the Complaint was caused wholly or partly by the negligence or intentional acts of/by the plaintiff(s), and plaintiff(s) is/are barred from recovery, or his/her recovery is reduced thereby.

ELEVENTH SEPARATE DEFENSE

Defendant(s), their agents, servants and/or employees acted upon reasonable grounds and without malice and therefore not answerable to the plaintiff in damages.

TWELFTH SEPARATE DEFENSE

In the event that it is found that the acts of the agents, servants or employees of the defendant, including Officer Tyrone McEady, were performed with malice and based upon unreasonable grounds, willful and/or intentional, said acts are outside the scope of authorization from City of Camden and/or its Police Department and outside the scope of his/their employment. As such, the defendant City of Camden and/or its Police Department is/are not answerable to the plaintiffs for damages as liability would not attach to said defendants.

THIRTEENTH SEPARATE DEFENSE

Defendants have performed, if any, each and every duty owed to the plaintiff. If the defendant is found to have breached any obligation or duties owed to the plaintiffs, which breach is specifically denied, such breach was not the proximate cause of any injuries, which may have been sustained by the plaintiffs.

FOURTEENTH SEPARATE DEFENSE

The plaintiffs' contributory negligence was the sole and/or proximate cause of any alleged injuries suffered by the plaintiffs.

WHEREFORE, defendants, City of Camden, Camden Police Department, Camden Police Officer Tyrone McEady demand judgment in their favor as follows:

A.   Dismissing the Complaint with prejudice; and

B.   For Attorney's fees, interest and cost of suit.

C.   For such other relief as the court deems equitable and just

LEWIS WILSON<br>
City Attorney

By: _____
FELIX P. GONZALEZ
Assistant City Attorney

## RESERVATION OF DEFENSES AND OBJECTIONS

These answering defendants hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

## JURY DEMAND

Pursuant to *Fed. R. Civ. P. 38*, Defendants hereby demands a trial by jury as to all issues contained herein.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, FELIX P. GONZAELZ, Assistant City Attorney, hereby certify as follows:

1. To the best of my knowledge, this matter is not the subject of any other action pending in any other court or of any other pending arbitration proceeding

2. To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LEWIS WILSON<br>
City Attorney

By: _____
FELIX P. GONZALEZ
Assistant City Attorney

## CERTIFICATION OF SERVICE

I certify that I served a copy of this Answer, Defenses and Jury Demand in the above captioned matter via email, PDF, and U.S.P.S. First Class mail to:

Matthew Benjamin Weisberg, Esquire
7 South Morton Avenue
Morton, PA 19070

mweisberg@ppwlaw.com

LEWIS WILSON
City Attorney

By: _____
FELIX P. GONZALEZ
Assistant City Attorney

Date: