# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

PEDRO RODRIGUEZ and LISETTE
RODRIGUEZ
        Plaintiff(s)                  Case No.    09-5020 (RBK/AMD)

V.

CAMDEN CITY POLICE DEPARTMENT,
CITY OF CAMDEN, OFFICER TYRONE
MCEADY

        Defendants

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted by:        Ralph R. Kramer, Esquire
                                              605 White Horse Pike
                                              Haddon Heights, New Jersey 08035
                                              (856) 546-1114
                                              elpino1@aol.com
                                              Attorney for Defendant McEady

## TABLE OF CONTENTS

                                                                                                                                           Page

TABLE OF CONTENTS……………………………………………………………..2

TABLE OF AUTHORITIES…………………………………………….………………3, 4

INTRODUCTORY STATEMENT……………………………………………………………...5

STATEMENT OF MATERIAL FACTS………………………………………………..5

STANDARD OF REVIEW……………………………………………………………...7

LEGAL ARGUMENT……………………………………………………………..9

      I.      NOTWITHSTANDING PLAINTIFF'S WIFE'S NAME APPEARING IN THE CAPTION OF THE COMPLAINT NO CAUSE OF ACTION FOR LOSS OF CONSORTIUM WAS EVER PLEADED ON HER BEHALF…………………………….9

      II.     THERE IS NO EVIDENCE THAT DEFENDANT MCEADY ACTED IN CONCERT TO CONSPIRE TO COMMIT ANY OFFENSE AGAINST THE PLAINTIFF AND HE IS THEREFORE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON COUNT V OF PLAINTIFF'S COMPLAINT……………………………….11

      III.    PLANITIFF IS UNABLE TO MEET THE $3,600.00 THRESHOLD FOR INJURIES PURSUENT TO N.J.S.A. 59:9-2

**THEREFORE NO JUDGMENT FOR PAIN AND SUFFERING CAN BE AWARED**..................................................12

IV.   **PLAINTIFF HAS NOT ESTABLISHED EVIDENCE SUFFICIENT TO SATISFY THE THRESHOLD FOR PUNITIVE DAMAGES AND THE CLAIMS FOR PUNITIVE DAMAGES SHOULD BE DISMISSED**……………13

V.    **DEFENDANT MCEADY IS ENTITLED TO SUMMARY JUDGMENT ON QUALIFIED IMMUNITY GROUNDS**……...14

CONCLUSION………………………………………………………………...17

# TABLE OF AUTHORITIES

Page

**Anderson v. Liberty Lobby, Inc.**
   477 U.S 242 (1986)……………………………………………….8, 9

**Improvement Co. v. Munson**
   14 Wall. 442 (1872)……………………………………………….. 9

**Celotex Corp. v. Catrett**
   477 U.S. 317 (1986)………………………………………………. 9

**Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**
   475 U.S. 574 (1986)………………………………………………. 9

**Smith v. Wade**
   461 U.S. 30 (1983)…………………………………………………14

**Coleman v. Kaye**
   87 F. 3d 1491, 1509 (3rd Cir. 1986)…………………………………...14

**Wildoner v. Borough of Ramsey**………………………………………….14
   162 N.J. 375, 387 (2000)

**Mitchell v. Forsyth**
 472 U.S. 511, 516 (1985)……………………………………………………..14

**Hill v. Algor**
 85 F. Supp. 2d 391 (D.N.J. 2000)………………………………………….15

**Wilson v. Russo**
 212 F. 3d 781, 786 (3d Cir. 2000)…………………………………………15

**Kirk v. City of Newark**,
 109 N.J. 173, 184 (1988)…………………………………………………...15

**Graham v. Connor**,
 490 U.S. 386 (1989)………………………………………………………..16

**State v. Contursi**
 44 N.J. 422, 43 (1965………………………………………………………16

**State v. Davis**
 50 N.J. 16, 23 (1967), cert. denied, 389 U.S. 1054 (1968)………………...16

**Sanducci v. City of Hoboken**
 315 N.J. Super. 475, 481 (1998)…………………………………………...17

**Leopardi, et al v. Township of Maple Shade, et al.**
 363 N.J. Super. 313 (2003)………………………………………………...17

**N.J.S.A. 59:9-2**……………………………………………………………….....13

**N.J.S.A. 2C: 33-2(a)(2)**……………………………………………………….....18

**N.J.S.A. 2C:33-7**………………………………………………………………18

## INTRODUCTORY STATEMENT

This is a 42 U.S.C. Section 42 action in which plaintiffs allege in Count I of their complaint that on April 8, 2009 , Defendant McEady deprived Plaintiff of his "…right to be free of excessive force, false arrest, retaliation, and his right to due process of law." Plaintiff further alleges in Counts III, IV and V State claims of False Arrest/Imprisonment, Malicious Prosecution, and Conspiracy respectively. [**Exhibit A**]

Plaintiff claims he suffered disability, humiliation, loss of reputation, loss of enjoyment of life, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to his detriment and loss.

Defendant McEady seeks dismissal of Plaintiff's complaint as there is no cause of action against him nor is there any evidence of a conspiracy against Plaintiff between him and the other Defendants mention in the complaint.

Plaintiffs present no objective evidence regarding damages from the March 19, 2008 encounter with Defendant McEady.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  Defendant Carlos McEady was at the relevant time of this action a police officer employed by the City of Camden.

2. On April 8, 2009 Defendant McEady was working a side job at a construction site located in the City of Camden. (**Exhibit B**: Deposition Transcript of Defendant McEady, Page 12, Lines 3 to 9)

3. Defendant McEady was ordered not to let any cars pass into the construction site due to the repaving of the streets. (Deposition Transcript of Defendant McEady, Page 14, Lines 3 to 9)

4. Defendant McEady observed Plaintiff arrive in his food truck, exit his vehicle and begin to move the cones blocking entrance in to the street being repaved.(Deposition Transcript of Defendant McEady, Page 14, Lines 10 to 14)

5. Defendant McEady challenged Plaintiff's action of attempting to enter into the construction site. (Deposition Transcript of Defendant McEady, Page 16, Lines 3 to 21)

6. Plaintiff and Defendant got into a heated argument over Plaintiff's right to enter the construction site. (Deposition Transcript of Defendant McEady, Page 19, Lines 2 to 216; **Exhibit C**: Deposition Transcript of Plaintiff Pedro Rodriguez Page 23, Lines 20 to Page 24, Line 6)

7. Plaintiff Pedro Rodriguez's behavior at the scene caused Defendant McEady to issue Plaintiff various summonses.

8. Plaintiffs have no evidence showing any aspect of a conspiracy between Defendants McEady and the other Defendants.

9. Plaintiff remained in the police car for 20 minutes and was thereafter released after Defendant McEady handed him the summonses.

10. There was no physical confrontation between Plaintiff and Defendant McEady. No threats were made to the Plaintiff. (Deposition Transcript of Plaintiff, Page 170, Lines 11 to 25)

11. No other contact between Plaintiff and Defendant McEady occurred on this day or any day thereafter. (Deposition Transcript of Plaintiff, Page 37, Lines 1 to 4)

12. Plaintiff Pedro Rodriguez suffered no injuries as a result of his encounter with Defendant McEady. (**Exhibit D**: Deposition Transcript of Plaintiff Lisette Rodriguez, Page 11, Lines 21-24, page 12, Lines 1-2)

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materials fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party based upon that evidence. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247 (1986).

The standard for summary judgment was set forth in **Anderson** as follows:

> If the defendant in a run-of-the-mill civil case moves
> for summary judgment or for a directed verdict based
> On the lack of proof of a material fact, the judge
> Must ask himself not whether he thinks the evidence
> unmistakenly favors one side or the other but whether
> a fair-minded jury could return a verdict for the
> plaintiff on the evidence presented. The mere
> existence of a scintilla of evidence in support of
> the plaintiff's position will be insufficient; there
> must be evidence on which the jury could reasonably
> find for the plaintiff. The judge's inquiry,
> therefore, unavoidably asks whether reasonable jurors
> could find a preponderance of the evidence that the
> plaintiff is entitled to a verdict – 'whether there
> is [evidence] upon which a jury can properly proceed
> to find a verdict for the party producing it, upon
> whom the <u>onus</u> of proof is imposed.'

**Anderson**, 477 U.S. at 242, quoting, **Improvement Co. v. Munson**, 14 Wall. 442, 448 (1872). In **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986) the court noted:

> In our view, the plain language of rule 56(c) mandates
> the entry of summary judgment, after adequate time for
> discovery and upon motion, against a party who fails
> to make a showing sufficient to establish the exis-
> tence of an element essential to that party's case
> and on which that party will bear the burden of proof
> at trial. <u>Id</u> at 322.

Once the moving party has established the absence of a genuine issue of material fact, the party opposing the motion "must do more than simply show some

metaphysical doubt as to material facts." **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574,586 (1986). See also **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242,250 (1986) holding that the party opposing the motion must present evidence which is not merely "colorable' but which is "significantly probative."

## LEGAL ARGUMENT

I. **NOTWITHSTANDING PLAINTIFF'S WIFE'S NAME APPEARING IN THE CAPTION OF THE COMPLAINT NO CAUSE OF ACTION FOR LOSS OF CONSORTIUM WAS EVER PLEADED OR PROFFERED ON HER BEHALF DURING DISCOVERY**

Glaringly omitted from Plaintiff Pedro Rodriquez's complaint are any specific references to his wife and to any damages she may have incurred. All of the counts[1] in Plaintiff Pedro Rodriguez's complaint recite events that involve him and him only.

Mrs. Rodriguez was asked during her August 26, 2010 deposition "Did this incident have any effect on you?" She responded,

    A.    Actually, it did because his frustration when he came into the house and it took a little while to get him back to normal. He felt harassed.
    Q.    I'm sorry, he felt—

---

[1] Count VI of Plaintiff's complaint seeks punitive damages claiming Defendant McEady's actions were "…extreme and outrages and done intentionally and/or recklessly and/or maliciously…"

9

> A. He felt harassed by the officer, and it took a little while to get him back to his normal self.
> Q. What did you have to do to get him back to his normal self?
> A. Talk to him.
>> (Deposition Trans. Lisette Rodriguez, Page 12, Lines 3 to 12)
>
>     *   *   *   *   *
>
> Q. You said it took a couple of months to get your husband back to normal after the incident?
> A. Yes.
> Q. Has there been any problems since then, since he got back to normal?
> A. He's – he's not the same. If we have an issue with having to call the cops, he's – he'll think about it twice.
> Q. Anything else?
> A. No.
>> (Deposition Trans. Lisette Rodriguez, Page 16, Lines 11 to 20)

At no time during her deposition did Ms. Rodriguez articulate any negative effect the events of April 8, 2009 had on her and her relationship with her husband. She spoke only about her husband.

In fact, during Mr. Rodriguez's deposition the word wife was only mentioned three times:

> Q. Mr. Rodriguez, you were present in the room earlier this morning when I gave instructions to your wife?
> A. Correct
>> (Deposition Trans. Pedro Rodriguez, Page 4, Lines 13 to 16)
>
>     *   *   *   *   *

10

> Q. Do you know any Camden police officers?
> A. I know Frankie Ruiz
> Q. How do you know him?
> A. My wife used to work at Canal's liquor store. He used to do security work there.
>
> (Deposition Trans. Pedro Rodriguez, Page 32, Lines 13 to 17)
>
> \* \* \* \* \*
>
> Q. As you can see, I know the area well. I've been doing it for 28 years. That's what I did, criminal defense herein Jersey. That's why I'm asking this question. All right. That's why, if you noticed, I asked your wife also the same question –
> A. Yeah.
>
> (Deposition Trans. Pedro Rodriguez, Page 45, Lines 19 to 24)

The depositions of Mr. & Mrs. Rodriguez are devoid of any facts[2] needed to maintain a consortium claim, therefore this cause of action, if found to be properly pleaded, should be dismissed.

## II. THERE IS NO EVIDENCE THAT DEFENDANT MCEADY ACTED IN CONCERT TO CONSPIRE TO COMMIT ANY OFFENSE AGAINST THE PLAINTIFF AND HE IS THEREFORE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON COUNT V OF PLAINTIFF'S COMPLAINT

Count V of Plaintiffs' Complaint alleges that Defendant McEady conspired with other defendants "…to deprive Plaintiff of his civil rights guaranteed by the New Jersey Constitution." Nowhere in discovery are there facts that suggest or

---

[2] Plaintiffs have not submitted any medical records, physical or psychiatric, in this case.

even infer that Defendant McEady and the City of Camden conspired to deprive Plaintiff of his civil rights.

Plaintiffs deposed defendant McEady and non-defendants Paul Guetherman, David Suarez, and Bernardo Segarra. No representatives from the City or the City's Police Department were ever deposed. Plaintiffs are unable to point to any evidence whatsoever to support this specific count; therefore this count should be dismissed.

### III. PLAINTIFF IS UNABLE TO MEET THE $3,600.00 THRESHOLD FOR INJURIES PURSUENT TO N.J.S.A. 59:9-2, THEREFORE NO JUDGMENT FOR PAIN AND SUFFERING CAN BE AWARDED

**N.J.S.A. 59:9-2** states in pertinent part:

> d. No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.

Plaintiff stated during his deposition that he never sought medical treatment.

```
Q.    Did you seek any medical treatment after the incident?
A.    No.
Q.    Did you ever see a psychologist or a psychiatrist for this?
A.    No. I should have, but I didn't.
Q.    You have continued to work your route at your normal schedule since
      this incident?
```

  A. Yes.
>(Deposition Trans. Pedro Rodriguez,
>Page 34, Lines 9 to 17)

Without proof of medical treatment in excess of $3,600 Plaintiff cannot receive any award "for pain and suffering" resulting from his encounter with Defendant McEady.

### IV. PLAINTIFF HAS NOT ESTABLISHED EVIDENCE SUFFICIENT TO SATISFY THE THRESHOLD FOR PUNITIVE DAMAGES AND THE CLAIMS FOR PUNITIVE DAMAGES SHOULD BE DISMISSED

Punitive damages are recoverable for claims under 42 U.S.C. Section 1983 "when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." **Smith v. Wade**, 461 U.S. 30 (1983); **Coleman v. Kaye**, 87 F. 3d 1491, 1509 (3rd Cir. 1986)

In this case the facts Plaintiff alleges against Defendant McEady do not meet the threshold for a punitive damage award.

> Q. But am I correct at no time were you ever struck by any officer during this whole incident?
> A. Right.
>>(Deposition Trans. Pedro Rodriguez,
>>Page 58, Lines 1 to 3)

Plaintiff's claims for punitive damage should be dismissed.

## V.  DEFENDANT MCEADY IS ENTITLED TO SUMMARY JUDGMENT ON QUALIFIED IMMUNITY GROUNDS

Qualified immunity "is an immunity from suit rather than a mere defense to liability that is effectively lost if the case is allowed to go to trial" **Wildoner v. Borough of Ramsey**, 162 N.J. 375, 387 (2000), quoting **Mitchell v. Forsyth**, 472 U.S. 511, 516 (1985). Therefore, a court should decide upon the applicability of this doctrine at the earliest possible stage in the litigation. Consequently, summary judgment is an appropriate tool to decide qualified immunity issues as a matter of law. **Kirk v. City of Newark**, 109 N.J. 173, 184 (1988).

With regard to the deprivation of a right caused by the Defendant, Plaintiff claims that he was the victim of excessive force and false arrest. (See Count One of Plaintiff's Complaint.) Therefore this matter is governed by the Fourth Amendment. See **Hill v. Algor**, 85 F. Supp. 2d 391 (D.N.J. 2000)

Public officials are entitled to qualified immunity from suit with regard to the performance of their official duties as long as their actions do not violate a clearly established federal, statutory or constitutional right which a reasonable person should have known. This immunity specifically applies to law enforcement officers. **Wilson v. Russo**, 212 F. 3d 781, 786 (3d Cir. 2000). The standard for determining the applicability of the qualified immunity defense is an "objectively reasonable" standard. See **Kirk**, 109 N.J. at 182. The subject intent of the police

officer is not a factor in the determination. An officer will prevail if a reasonable officer possessing the same information could have believed that his conduct was lawful. This is true regardless of whether or not probable cause actually existed at the time of the conduct. Consequently, a police officer can successfully defend against a Section 1983 claim by showing either that he or she acted with probable cause, or, even if probable cause does not exist, that a reasonable police officer could have believed in its existence. **Id**. At 18. The determination of reasonableness must take into consideration that police officers are often forced to make split-second judgments during uncertain and rapidly evolving circumstances. **Graham v. Connor**, 490 U.S. 386 (1989). "In all aspects, the common and specialized experience and work-a-day knowledge of policemen must be taken into account. Courts should always remember that arresting officers have to act on the spur of the moment and that they are not constitutional lawyers." **State v. Contursi**, 44 N.J. 422, 43 (1965). Probable cause, however, must be "something more than a raw, unsupported suspicion." **State v. Davis**, 50 N.J. 16, 23 (1967), cert. denied, 389 U.S. 1054 (1968). Therefore, it is necessary to balance the Plaintiff's protected interests against the importance of the governmental interest for making the intrusion. The outcome should depend upon the circumstances of the case as they existed at the time of the incident from the perspective of a reasonable police officer, "because the decisions of police officers must be made

on the spur of the moment and cannot be viewed fairly from the vantage point of twenty-twenty hindsight." **Sanducci v. City of Hoboken**, 315 N.J. Super. 475, 481 (1998).

The test of reasonableness under the Fourth Amendment is whether, under the totality of the circumstances, the officers' actions are objectively reasonable in light of the facts and circumstances confronting them without regard to their underlying intent or motivations. **Leopardi, et al v. Township of Maple Shade**, et al., 363 N.J. Super. 313 (2003).

In making an assessment for qualified immunity, courts make two inquires: (1) whether the facts viewed in a light most favorable to the party asserting injury show that the officer violated a constitutional right; and (2) whether the right that was violated was clearly established. In the April 8, 2009 incident Defendant McEady was working a side job with instructions from the construction foreman not to allow any vehicle pass into the work area. Plaintiff, a food truck vendor, arrived at the site and attempted to enter the construction area by moving the orange cones blocking the way when Defendant McEady ordered him to stop.

> Q. Where were the cones?
> A. The cones were right on 7th and Van Hook.
> Q. I'm sorry?
> A. Right on 7th and Van Hook.
> Q. Were they in the street?
> A. They were in the street.
> Q. How many cones were there?

      A.      There was two cones.

>(Deposition Trans. Pedro Rodriguez,
>Page 12, Lines 14 to 21)

Immediately thereafter Plaintiff began to argue over his right of passage into the work site as a food vendor. This argument escalated to the point Defendant McEady had to exercised his duty as a police officer and charge Plaintiff with Improper Behavior and Refusal to Move[3], violations of **N.J.S.A. 2C: 33-2(a)(2)** and **2C:33-7** [**Exhibit E**] respectively. Plaintiff was detained long enough for Defendant McEady to prepare the four summonses. Plaintiff was thereafter released.

In light of these facts, it is clear that Defendant McEady was justified in stopping Plaintiff and thereafter issue summonses.

## **CONCLUSION**

For the foregoing reasons, Defendant McEady respectfully requests that this court grant him summary judgment on all counts of Plaintiff's complaint.

Respectfully submitted by:

*/s/Ralph R. Kramer, Esquire*
Ralph R. Kramer, Esquire
Attorney for Defendant McEady

---

[3] Plaintiff also received two traffic summonses for violations of N.J.S.A. 39:4-2(a) and 39: 4-80.[**Exhibit F**]